**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SERTEL SCREW AND NAIL CORP,

                         Plaintiff,                  **23-CV-10315 (JAV) (VF)**

                   -against-                      **ORDER**

INDEPENDENT LOGISTICS, et al.,

                        Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On July 14, 2025, Plaintiff submitted a letter asking that the Court "extend the deadline" for fact discovery to September 15, 2025. ECF No. 44 at 1. As Plaintiff acknowledges, however, the deadline for fact discovery was April 1, 2025. As such, Plaintiff seeks to reopen fact discovery. Plaintiff first made this request more than three months after the close of fact discovery. Defendants oppose the request. See ECF Nos. 45-46.

      Although Plaintiff argues that good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the scheduling order in this case, Plaintiff has not demonstrated that it was diligent in attempting to seek the discovery it now claims it needs. For example, Plaintiff states that the deposition of the owner of Independent Logistics, which occurred on January 30, 2025, revealed the identity of an individual, Matt Peace, whom Plaintiff would like to now depose. But Plaintiff does not explain why, if it became aware of Mr. Peace on January 30, it waited until July 14, to make the instant request. Although Plaintiff explains that it encountered delays in service of a subpoena due to difficulty in locating contact information for Mr. Peace, that does not explain why Plaintiff did not make its instant request prior to the close of fact discovery. Nor does Plaintiff detail the efforts it made to locate contact information for Mr. Peace or to serve a subpoena on Mr.

Peace prior to the close of fact discovery. Plaintiff claims that the delays here were beyond its control (ECF No. 44 at 2-3), but Plaintiff provides no factual details to support that conclusory assertion. Additionally, Plaintiff claims that an "extension of the discovery deadline" is warranted to complete the deposition of one of the Defendants. Id. at 3. But, here too, Plaintiff fails to explain why it could not conduct the deposition of a named defendant prior to the close of fact discovery. "As a general rule, discovery should only be re-opened if the movant can show that despite its having exercised diligence, the applicable deadline set in the court's scheduling order could not reasonably have been met." Iacovacci v. Brevet Holdings, LLC, 2022 WL 540658, at *1 (S.D.N.Y. Feb. 23, 2022) (internal quotation marks and citations omitted). In short, Plaintiff has not demonstrated that it exercised reasonable diligence while discovery remained opened to obtain the discovery it now seeks, and Plaintiff has not shown that it could not obtain the discovery before the close of fact discovery on April 1, 2025. As such, the request to reopen discovery is denied. The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 44-46.

    **SO ORDERED.**

DATED:    New York, New York
            July 21, 2025

                                                    VALERIE FIGUEREDO
                                                    United States Magistrate Judge