**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
SERTEL SCREW AND NAIL CORP.,

Plaintiff,

**23-CV-10315 (JAV) (VF)**

-against-

**ORDER**

INDEPENDENT LOGISTICS, et al.,

Defendants.
---------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

Pending before the Court are cross-motions for summary judgment filed by Defendant Independent Logistics (ECF No. 69) and Plaintiff Sertel Screw and Nail Corp. (ECF No 79). Defendant argues that Plaintiff cannot prove the existence of a contract between the two parties as to purchase orders 89461 and 95634. ECF No. 72 at 10. In response, Plaintiff submitted e-mails in which Plaintiff sent Defendant unsigned proforma invoices for purchase orders 89461 and 95634. See ECF No. 81-1 at 2; ECF No. 81-2 at 2. Plaintiff also submitted Defendant's responses to those e-mails, one of which, in response to the proforma invoice, states that "[t]his looks good, and we look forward to receiving our product." See ECF No. 81-1 at 3; ECF No. 81-2 at 5. Defendant does not dispute the authenticity of the e-mails or the attached proforma invoices.

Under New York law, "[a]n invoice between merchants containing the names and addresses of the buyer and seller, the date, the payment terms, the price of the goods, a description of the goods, the amount of the goods and the total price of the sale constitutes a writing in confirmation of a contract for the sale of goods satisfying the statute of frauds, provided that no written notice of objection is given as to the contents of the invoice within 10 days of receipt." Demand Elec., Inc. v. Innovative Tech. Holdings, LLC, 665 F. Supp. 3d

498, 505 (S.D.N.Y. 2023) (quoting M. Slavin & Sons Ltd., Glatt Gourmet Cuisine, Inc., 23 Misc. 3d 18, 19 (2d Dep't 2009)). However, "[a]n unsigned invoice or purchase order has only been held to constitute a binding contract when it contains terms which provide evidence that it is intended to be the final express agreement between the parties." Fercus, S.R.L. v. Palazzo, No. 98-CV-7728 (NRB), 2000 WL 1118925, at *2 (S.D.N.Y. Aug. 8, 2000) (citation omitted). Moreover, in the context of contracts that are not for the sale of goods, "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound," and "[i]n determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds." Gould v. Decolator, Cohen & DiPrisco, LLP, 197 A.D.3d 1242, 1244 (2d Dep't 2021) (internal quotation marks and citations omitted).

In light of the authority described herein, the parties are directed to address in simultaneous supplemental briefing whether a contract existed between Plaintiff and Defendant for purchase orders 89461 and 95634 given the e-mail response from Defendant. Those letters briefs should be submitted by **July 17, 2026**. Any response from either party must be submitted by **July 24, 2026**. The Clerk of Court is respectfully directed to terminate the gavels at ECF Nos. 69 and 79.

**SO ORDERED.**

DATED: New York, New York
July 6, 2026

VALERIE FIGUEREDO
United States Magistrate Judge